### Frank C. Vierling and John V. Baxter v. Zoe Owens.

1. PLEADINGS—*Distress Warrant for a Declaration.*—A distress warrant in a proceeding by distraint, takes the place of and stands for a declaration.

2. PARTIES—*Proceedings by Distress.*—Proceedings in distress for rent are improperly brought in the joint names of the landlord and his agent.

3. VARIANCE—*Between Distress Warrant and Lease.*—A variance between a distress warrant and a lease upon which it issued, when offered in evidence, is fatal.

4. RENTS—*Houses of Ill-Fame.*—The fact that a house is knowingly rented for the purpose of being used as a house of ill-fame is a defense to an action for rent.

**Distress for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

JAMES E. PURNELL, attorney for appellants.

"In order to defeat a recovery for rent upon the ground of illegality, it must appear that they were let to be used for an illegal or immoral purpose; and the mere fact that they were so used does not operate as a defense unless they were let for such purpose, and the landlord, before the lease was executed, knew that the lessee would devote them to such purpose." O'Brien v. Briestenbach, 1 Hilt. (N. Y. C. P.), 304; Smith v. White, L. R., 1 Eq. Cas. 626; 2 Wood's Landlord and Tenant 549; Stookey v. Hughes, 18 Ill. 55; Wear v. Parish, 26 Ill. 240; Miller v. Wells, 46 Ill. 46; Marshall v. Gridley, Id. 247; Purinton v. Northern Ill. R. R. Co., Id. 265; Freese v. Ideson, 49 Ill. 191; Hutton v. Arnett, 51 Ill. 198; Lonergan v. Stewart, 55 Ill. 44; Ball v. Benjamin, 56 Ill. 105; Lighthall v. Colwell, 56 Ill. 108; Monmouth First National Bank v. Whitman, 66 Ill. 331; Emery v. Mohler, 69 Ill. 221; Hartford Fire Insurance Co. v. Webster, 69 Ill. 392.

BRECKENRIDGE & RASMUSSEN, attorneys for appellee.

A contract may be in fraud of a statute. The one in this case was contrary to the statute, against public policy and in fraud of the rights of the public, hence void. 7 Wait's Actions and Defenses, 64, 65; Preston et al. v. Spaulding et al., 120 Ill. 208; Lee v. Lee, 8 Pet. (U. S.) 44.

The purpose for which the premises were rented may be shown by parol to be other than that stated in the written lease. 9 Am. & Eng. Enc. of Law, 921, VI; 7 Wait's Actions and Defenses, 66, Sec. 2; Hanauer et al. v. Doane, 12 Wall. 342; 79 U. S. 196; Riley v. Jordan, 122 Mass. 231; Sherman v. Welder, 106 Mass. 537; Brown v. Brown, 34 Barb. 533; Foy v. Blackstone, 31 Ill. 558; Black v. W., St. L. & P. Ry. Co., 111 Ill. 351.

The degree of evidence in a civil case in which the pleadings allege a violation of the criminal code, is the same as in any other civil action. Welch v. Jugenheimer, 56 Iowa, 11; Blaeser v. Insurance Co., 37 Wis. 31; Schmidt v. Insurance Co.,1 Gray 529; Scott v. Insurance Co., 10 Dillon 106;

Cooley on Torts, 208, (2d Ed.) 243; May on Insurance, Sec. 583 and note; Hutchberger v. Insurance Co., 4 Bliss 265; Insurance Co. v. Johnson, 11 Bush. 587; Sloan v. Gilbert, 12 Id. 51; Hoffman v. Insurance Co., 1 La. Ann. 216; Wightman v. Insurance Co., 8 Rob. 442; Insurance Co. v. Wilson, 7 Wis. 169; Gordon v. Parmlee, 15 Gray 413; Elliott v. Van Buren, 33 Mich. 49; 3 Greenleaf on Evidence, Sec. 29.

Where the evidence is uncontradicted and so clear that the court would be warranted in setting aside a verdict contrary to the one found, the case will not be reversed for error in giving or refusing instructions. Howard F. & M. Ins. Co. v. Cornick et al., 24 Ill. 455; Burling, Admx., v. I. C. R. R. Co., 85 Ill. 18.

And this rule obtains even in criminal cases. Burke v. The People, 148 Ill. 70; Zimm v. The People, 111 Ill. 49; Kennedy v. The People, 40 Ill. 488.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a distraint upon the goods and chattels of the appellee, under a distress warrant issued in the joint names of Frank C. Vierling and John V. Baxter, the appellants.

The lease that was introduced in evidence was under seal, and was made by the appellant Frank C. Vierling, alone, to the appellee.

When the lease was offered in evidence, it was objected to by the appellee on the ground of variance between it and the distress warrant, and the particular variance was pointed out to the court, but, apparently, because it had been testified by Vierling that he was the agent of Baxter for the premises described in the lease, the objection was overruled.

It was not attempted to prove that Baxter was the owner of the premises, and the only thing the record contains from which the possible inference might be drawn that he was the owner, is that the word "Landlord" follows his name as subscribed to the distress warrant.

Nothing that is contained in the distress warrant in any

# 612      APPELLATE COURTS OF ILLINOIS.

manner shows the relation of Baxter to the premises or to the lease, and nothing appears in the lease to connect him in any manner with Vierling or the premises.

A district warrant in a proceeding for distraint takes the place of and stands for a declaration.

When, therefore, the lease was objected to, the objection should have been sustained as being variant from the declaration, which in this case was the distress warrant.

The cause, however, proceeded—and upon a different defense—that of the illegality of purpose for which the premises were rented, i. e., that they were knowingly rented for the purpose of being used as a house of ill-fame, as the appellee testified. The verdict and judgment were for the appellee.

Without considering this latter phase of the case, it is sufficient that the judgment was right on the ground that the distress proceedings were wrongly begun in the joint names of the appellants, and it is accordingly affirmed.